UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JANE DOE | : | CIVIL ACTION NO. 3:15-CV-498 (RNC) |
| v. | : | |
| JAMES DZURENDA, ET AL. | : | November 23, 2016 |

**MOTION TO DISMISS WITHOUT PREJUDICE**

Plaintiff moves to dismiss this action without prejudice pursuant to Fed. R. Civ. P. 41(a)(2). In support of this Motion, Plaintiff states as follows:

(1) Jane Doe filed this action on April 6, 2015, by and through her guardian ad litem, Sarah F. Russell. At the time, Jane was under the age of eighteen and was committed to the custody of the Connecticut Department of Children and Families ("DCF").

(2) Plaintiff has now reached the age of majority and is no longer committed to DCF custody. These facts materially change the procedural posture of the case.

(3) Defendants have moved to dismiss this action. In support of their Motion, Defendants assert that dismissal is warranted, *inter alia*, because Plaintiff failed to exhaust available administrative remedies under the Prison Litigation Reform Act ("PLRA"). *See* 42 U.S.C. § 1997e(a). In particular, Defendants claim that Plaintiff is subject to the PLRA's exhaustion requirement because, at the time she filed this action, she was committed to the custody of DCF and thus a "prisoner confined in any jail, prison, or other correctional facility" under the PLRA. As set forth in her response to Defendants' Motion to Dismiss, Plaintiff disputes that she was a "prisoner confined in any jail, prison, or other correctional facility" within the meaning of the PLRA when she filed suit on April 6, 2015.

1

(4) However, whatever Plaintiff's status under the PLRA at the time this action was filed, it is plain that the PLRA is inapplicable to any action that Plaintiff now files, and she has in fact just filed a new action raising the same or similar claims as those raised in the present action. (The statute of limitations on Plaintiff's claims of unlawful treatment beginning in January 2014 runs no earlier than January 2017.) Resolving Plaintiff's claims on the basis of the PLRA when she could simply have waited until now to file her first action, to which the PLRA would not apply, would not serve any purpose except to create an artificial barrier to the resolution of the merits of this case.

(5) This case has not progressed in any way that would cause prejudice to Defendants if it was dismissed without prejudice. The case is at the motion to dismiss stage, and to the extent Defendants wish to claim that the case should be dismissed, they are free to do so with the very same briefs that they have filed thus far, with the exception that the PLRA will be inapplicable. Plaintiff could have waited until she was released from DCF custody to file this action. She has received no relief from the Court during the pendency of this action, so the parties' current situation is not materially different from what it would be had this suit never been filed.

(6) It is also true that Plaintiff only now has the opportunity to make her own decisions concerning this case. This case was originally filed because one or another adult thought that filing was in her best interest. She never had legal control over this action, making it particularly inappropriate to require her to proceed with this action or nothing.

For the foregoing reasons, Plaintiff respectfully requests that this action be dismissed without prejudice pursuant to Rule 41(a)(2).[1]

---

[1] Because the original action (3:14CV469) was dismissed voluntarily under Rule 41(a)(1), the Court would need to order the dismissal of the present action under Rule 41(a)(2) and refrain

        Respectfully submitted,
        THE PLAINTIFF


        __/s/ David N. Rosen_____
        David N. Rosen
        David Rosen & Associates, P.C.
        400 Orange Street
        New Haven, CT 06511
        (203) 787-3513
        (203) 789-1605 Fax
        CT00196
        drosen@davidrosenlaw.com


## **CERTIFICATE OF SERVICE**

    I hereby certify that on November 23, 2016, a copy of the foregoing Motion to Dismiss Without Prejudice was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.


        _/s/ David N. Rosen_____
        David N. Rosen

---

from deeming the dismissal "with prejudice." Such an order would permit Plaintiff to proceed with her new action.